IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CR 04-194-BR |
| **Plaintiff,** | OPINION AND ORDER |
| v. | |
| **RAY NEAL FRANZ,** | |
| **Defendant.** | |

**KARIN J. IMMERGUT**
United States Attorney
**GREGORY R. NYHUS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1015

        Attorneys for Plaintiff

**MICHAEL R. LEVINE**
400 S.W. Sixth Avenue, Suite 600
Portland, OR  97204
(503) 546-3927

        Attorney for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Ray Neal Franz's Motion for New Sentencing (#42). For the reasons that follow, the Court **DENIES** the Motion.

## PROCEDURAL HISTORY

On December 10, 2004, the Court sentenced Defendant Ray Neal Franz to a 33-month prison term based on a Plea Agreement and Defendant's guilty plea to Attempted Travel in Interstate Commerce to Attempt to Have Sex with a Minor in violation of 18 U.S.C. § 2423(b).

Pursuant to Paragraphs 3, 4, 5, 6, 7, and 9 of the Plea Agreement, the parties agreed to certain sentencing guideline calculations and agreed to recommend "the defendant should be sentenced at the low end of the guideline range." In addition, in Paragraph 12 of the Plea Agreement, Defendant waived "his right to file an appeal in this case as long as the sentence is consistent with this Agreement." When the Court imposed the 33-month prison sentence, which was at the low end of the guideline range anticipated by the Plea Agreement, Defendant did not appeal. Thus, a direct appeal was not pending at the time the United States Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant did not have a "*Booker* pipeline" opportunity to raise issues concerning the

application to his case of the previously mandatory sentencing guidelines. Instead Defendant filed this Motion on February 23, 2005, based on the Ninth Circuit's first post-*Booker* decision issued February 9, 2005 (*United States v. Ameline*, 400 F.3d 646 (9th Cir. 2005)), and based on the following language in Paragraph 12 of the Plea Agreement:

> The parties agree, however, that if, subsequent to the defendant's sentencing, there are statutory or sentencing guideline amendments to the PROTECT ACT . . . and "Feeney Amendments" which benefit the defendant, or if the 9th Circuit Court of Appeals interprets the applicable guidelines in a manner favorable to the defendant (and which was not adopted at sentencing) that the defendant will be re-sentenced consistent with that decision.

### DISCUSSION

At oral argument and in their numerous briefs related to this Motion, the parties presented the following contentions:

1. **Defendant's Contentions**

According to Defendant, the Ninth Circuit in *Ameline* "interprets the applicable guidelines in a manner favorable to the defendant (and which was not adopted at sentencing)" as contemplated by Paragraph 12 of the Plea Agreement in that the Ninth Circuit directs district courts to apply the sentencing guidelines in an advisory rather than a mandatory manner. Defendant contends this change necessarily is favorable to him because the Court would be free to impose a sentence below the otherwise applicable sentencing guidelines range. Thus,

3 - OPINION AND ORDER

Defendant argues *Ameline* triggers Defendant's right to re-sentencing pursuant to Paragraph 12 of the Plea Agreement.

Defendant also contends the government should be estopped from asserting that the Court lacks jurisdiction to re-sentence Defendant because the conditional right to re-sentencing was a negotiated term in the Plea Agreement on which Defendant relied. In any event, Defendant argues the Court has ancillary jurisdiction to enforce the terms of the Plea Agreement under the Due Process Clause of the Fifth Amendment.

Finally, Defendant asks the Court to consider and to declare whether it would have imposed a different sentence than if the Court had not been bound by mandatory sentencing guidelines at the time it sentenced Defendant.

### 2. Government's Contentions

The government contends the Ninth Circuit's decision in *Ameline* is not within the scope of Paragraph 12 of the Plea Agreement because *Ameline* does not interpret the sentencing guidelines that the Court applied to determine Defendant's sentence. Thus, the government argues any re-sentencing is premature at best.

Nonetheless, the government insists the language of Paragraph 12 is insufficient to confer this Court with jurisdiction to re-sentence Defendant because the district court is a "court of limited jurisdiction" and parties are unable to

4 - OPINION AND ORDER

confer jurisdiction merely by agreement. The government argues the only possible remedy available to Defendant at this stage is rescission of the Plea Agreement, an option that Defendant explicitly disclaims.

In any event, the government urges the Court not to offer any comment about alternative sentencing outcomes that it might have considered if the Court had been authorized to treat the sentencing guidelines as advisory at the time Defendant was sentenced.

## Analysis

Despite the parties' extensive efforts, they were unable to identify any precedent directly applicable to Defendant's Motion.

The Court, however, has considered the plain language of Paragraph 12 of the Plea Agreement and finds persuasive Defendant's analysis of that language in light of *Ameline*. Accordingly, the Court concludes the *Ameline* decision "interprets the applicable guidelines in a manner favorable to the defendant (and which was not adopted at sentencing)" as contemplated by Paragraph 12, and, therefore, the parties agreed "the defendant will be re-sentenced consistent with that decision."

The Court is also mindful that the parties' agreement alone is insufficient to confer post-judgment jurisdiction for the Court to re-sentence Defendant. Indeed, the Court first directed

5 - OPINION AND ORDER

the jurisdictional question to the parties at oral argument on Defendant's Motion. Defendant's analysis, however, persuades the Court that it has authority to act. In particular, the Court concludes in the limited circumstances of this case that it has ancillary jurisdiction to entertain Defendant's Motion because the Motion is "incidental" to the underlying criminal prosecution, to the Plea Agreement, and to sentencing proceedings over which the Court's jurisdiction is not questioned. *See* Def.'s Reply to Gov't Mem. in Opp'n to Mot. for Resentencing at 3-4.

In addition, the Court concludes rescission should not be pursued over Defendant's objection because rescission would expose Defendant to potential consequences beyond the scope of the Plea Agreement.

Finally, the Court notes Defendant does not seek to offer any new information, does not take a new position concerning sentencing, and does "not advocate for any lesser sentence than the one the Court imposed" originally.

After reviewing the original Presentence Report and sentencing submissions of the parties and after considering how it would exercise its sentencing discretion in a current sentencing proceeding under the advisory sentencing guidelines and 18 U.S.C. § 3553(a), the Court concludes it would not impose any lesser sentence even though it is no longer bound by

mandatory sentencing guidelines. In light of the Court's conclusion, Defendant concedes the issue raised by his Motion "is at an end."

Accordingly, the Court **DENIES** Defendant's Motion for New Sentencing (#42).

IT IS SO ORDERED.

DATED this 6th day of September, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge